UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
        :
ABC,        :
        :
                              Petitioner,        :
        :        21-MC-217 (JMF)
             -v-        :
        :        MEMORANDUM OPINION
DEF,        :        AND ORDER
        :
                              Respondent.        :
        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Petitioner seeks leave to file its petition to confirm a final arbitration award in redacted form and to file a related exhibit, namely the final arbitration award itself, under seal. For the reasons that follow, the motion is DENIED.

      It is well established that filings that are "relevant to the performance of the judicial function and useful in the judicial process" are considered "judicial documents" to which a presumption in favor of public access attaches. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Assessment of whether the presumption in favor of public access is overcome must be made on a document-by-document basis, *see, e.g.*, *Brown v. Maxwell*, 929 F.3d 41, 48 (2d Cir. 2019). The party seeking to maintain information filed under seal bears "the burden ... to demonstrate that the interests favoring non-access outweigh those favoring access." *United States v. Amodeo*, 44 F.3d 141, 148 (2d Cir. 1995). Significantly, "the mere fact that information is sealed or redacted by agreement of the parties is not a valid basis to overcome the presumption. That is, a party must demonstrate reasons to justify sealing or redaction separate and apart from a private agreement to keep information confidential." *Homeward Residential, Inc. v. Sand Canyon Corp.*, — F. Supp. 3d. —, No. 12-CV-5067 (JMF), 2020 WL 6562351, at *8 (S.D.N.Y. Nov. 9, 2020) (citation omitted).

      Here, it is "plain as day" that the final arbitration award sought to be filed under seal is a judicial document to which the presumption of public access applies, *DXC Tech. Co. v. Hewlett Packard Enter. Co.*, No. 19-CV-7954 (VEC), 2019 WL 4621938, at *1 (S.D.N.Y. Sept. 11, 2019), because it would "directly affect the Court's adjudication" of the petition to confirm, *Aioi Nissay Dowa Ins. Co. Ltd. v. ProSight Specialty Mgmt. Co., Inc.*, No. 12-CV-3274 (JPO), 2012 WL 3583176, at *6 (S.D.N.Y. Aug. 21, 2012) (internal quotation marks omitted). Additionally, the weight of the presumption is "high" because the information contained in the Award "constitute[s] 'the heart of what the Court is asked to act upon'" in the petition. *Eagle Star Ins. Co. Ltd. v. Arrowood Indem. Co.*, No. 13-CV-3410 (HB), 2013 WL 5322573, at *2 (S.D.N.Y. Sept. 23, 2013) (quoting *Glob. Reinsurance Corp.-U.S. Branch v. Argonaut Ins. Co.*, No. 07-CV-8196 (PKC), 2008 WL 1805459, at *1 (S.D.N.Y. Apr. 21, 2008), *as amended* (Apr. 24, 2008)).

Indeed, "[c]ourts in this district have generally been loath to seal arbitration awards" in this context.  *Istithmar World PJSC v. Amato*, No. 12-CV-7472 (JFK), 2013 WL 66478, at *3 (S.D.N.Y. Jan. 7, 2013); *see, e.g.*, *PDV Sweeny, Inc. v. ConocoPhillips Co.*, No. 14-CV-5183 (AJN), 2014 WL 4979316, at *3 (S.D.N.Y. Oct. 6, 2014); *Century Indem. Co. v. AXA Belg.*, No. 11-CV-7263 (JMF), 2012 WL 4354816, at *13 (S.D.N.Y. Sept. 24, 2012); *Alexandria Real Estate Equities, Inc. v. Fair*, No. 11-CV-3694 (LTS), 2011 WL 6015646, at *2-3 (S.D.N.Y. Nov. 30, 2011).  Finally, Petitioner fails to carry its burden of establishing *any* "interests favoring non-access," much less such interests strong enough to "outweigh those favoring access." *Amodeo*, 44 F.3d at 148.  In seeking leave to file under seal, the *sole* basis provided for the request is the private agreement of the parties.  But, as noted, that is not a valid basis upon which to seal judicial documents.  Accordingly, Petitioner's motion must be and is denied.

The Clerk of Court is directed to terminate ECF No. 1 and to close this miscellaneous case.

SO ORDERED.

Dated: March 10, 2021
New York, New York

_____
JESSE M. FURMAN
United States District Judge