# Simpson Thacher & Bartlett LLP

425 LEXINGTON AVENUE
NEW YORK, NY 10017-3954

TELEPHONE: +1-212-455-2000
FACSIMILE: +1-212-455-2502

| Direct Dial Number | E-mail Address |
|---|---|
| +1-212-455-2235 | bfriedman@stblaw.com |

BY ECF

March 16, 2021

      Re:    *TIG Insurance Company v. American Home Assurance Company, AIU Insurance Company, National Union Fire Insurance Company of Pittsburgh, Pennsylvania and New Hampshire Insurance Company*, Case No. 21-MC-217 (JMF)

Hon. Jesse M. Furman
United States District Judge
United States District Court
40 Centre Street, Room 2202
New York, NY 10007
Furman_NYSDChambers@nysd.uscourts.gov

Dear Judge Furman:

      This firm represents Respondents American Home Assurance Company, AIU Insurance Company, National Union Fire Insurance Company of Pittsburgh, Pennsylvania and New Hampshire Insurance Company in the above referenced matter. Pursuant to Your Honor's Individual Rules 7.B and 7.C, we submit this letter motion to maintain under seal Respondents' Memorandum of Law in Support of Motion to Reconsider Order Denying Petitioner's Motion to Seal (the "Memorandum of Law").

      On March 10, 2021, this Court entered an Order denying Petitioner TIG Insurance Company's Motion to Seal Exhibit D and Redact Confidential Arbitration Information in a Petition to Confirm a Final Arbitration Award Pursuant to Federal Rule of Civil Procedure 5.2(d)-(e). The Order was issued before Respondents had been served or appeared, and Respondents now respectfully seek this Court's reconsideration of the March 10 Order for the reasons outlined in the Memorandum of Law. Respondents' Memorandum of Law discusses confidential information regarding the parties' arbitration of a reinsurance dispute and the Arbitrators' final award, which Petitioner now seeks to confirm pursuant to Section 9 of the Federal Arbitration Act. This information is protected from public disclosure by the parties' Confidentiality Agreement and Protective Order, which requires that confidential arbitration information be filed under seal. *See* Ex. 2 to Declaration of Brian O'Sullivan in Support of Motion to Seal at 2. ("[T]he parties agree, subject to court approval, that all submissions of

Arbitration Information to a court shall be sealed and/or redacted so as to limit disclosure of Arbitration Information.").

The Confidentiality Agreement and Protective Order was entered into by the parties in recognition that disclosure of information from the arbitration would result in damaging consequences to the parties and their businesses. *See* Ex. 2 to Declaration of Brian O'Sullivan in Support of Motion to Seal at 3. The Confidentiality Agreement and Protective Order was also "ordered" by the Arbitrators and provides that confidentiality be maintained after the conclusion of the arbitration proceedings to protect sensitive business information of all parties, including third party insurers, insureds and claimants. *See id*. Courts in this district have accorded "considerable deference" to Arbitrator protective orders and we submit the Court should do so here. *See Odfjell ASA v. Celanese AG*, 04-civ-1758 (JSR), 2005 WL 106897, at *1 (S.D.N.Y. Jan. 18, 2005); *see also Goldstein v. Preisler*, 24 A.D.3d 441,442 (N.Y. App. Div. 2005) (holding that trial court improperly modified arbitration award by denying a portion of the award that recommended expunging all references to the arbitration from public registration records). As such, Respondents submit there is good cause to maintain the Memorandum of Law under seal.

For the foregoing reasons, Respondents respectfully request that the Court enter an order maintaining the sealing of Respondents' Memorandum of Law in Support of Motion to Reconsider Order Denying Petitioner's Motion to Seal.

Respectfully submitted,

*/s/ Bryce L. Friedman*

Bryce L. Friedman

cc: Counsel of Record